IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

JONATHAN RODRIGUEZ,              )
                                 )
               Plaintiff,        )
                                 )
     v.                          )     No. 07 C 2481
                                 )
POLICE OFFICERS CERVANTES, et al.,)
                                 )
               Defendants.       )

                  MEMORANDUM OPINION AND ORDER

     This Court's August 24, 2009 minute order approving the parties' jointly submitted Final Pretrial Order also established a timetable for any motions in limine that they considered necessary for resolution in anticipation of trial. Each side then tendered a timely battery of such motions, which have now been fully briefed, and this memorandum opinion and order addresses them.

         Motions by Plaintiff Jonathan Rodriguez ("Rodriguez")

     Rodriguez has filed 11 skeletally-described motions. Defense counsel's response did not object to most of those (Motions 1, 2, 4-8 and 10), leaving only Motions 3, 9 and 11 in issue.

     Motions 3 and 9 seek to bar the "mug" photograph and a photograph of Rodriguez's stomach, both taken in conjunction with his arrest. Defendants respond that such photographs are relevant to Rodriguez's claim of excessive force, but Rodriguez's counsel replies that the excessive force claim asserts only that

Rodriguez was struck on the top of his head with a flashlight. There is no assertion that the alleged force applied would itself be visible either on his face or stomach.[1] To be sure, Rodriguez's deposition testimony is that a nondefendant officer threw him down, where he landed on a concrete surface, with both his stomach and his left cheek impacting that surface. But as to the cheek, neither mugshot depicts that side of his face (one shot is head-on, while the other shows his right cheek). And as for Rodriguez's stomach, nothing indicates that the asserted impact would have created any visible marks there.

Accordingly Motions 3 and 9 are granted, so that only Motion 11 remains for consideration. There Rodriguez asks to bar defendants' exhibition to the trial jury of a flashlight that was neither disclosed as an exhibit nor otherwise identified during the discovery process. Although defendants respond that the flashlight they plan to come up with is intended solely for demonstrative purposes, the absence of any authentication provides no assurance whatever of reliability. Motion 11 is granted as well.

Motions by Defendant Officers Cervantes and Milutinovic

Defendants' Motions require considerably more discussion, not because they are 13 in number as compared with Rodriguez's

---

[1] Indeed, the photograph of the latter would show a tattoo--something that is not only irrelevant (as defendants acknowledge) but could obviously be inappropriately prejudicial.

11, but rather because more of them are controverted. Rodriguez's counsel interposes no objection solely to Motions 5 and 10 (though some other motions are objected to only conditionally, or sometimes only in part). Motions 5 and 10 are accordingly granted, and this opinion turns to the others.

Motion 1 seeks to bar any evidence of defendants' violations of City of Chicago Police Department General Orders, Rules and Regulations. But although any such asserted violations concededly do not establish standards for the determination of liability in federal constitutional terms advanced under 42 U.S.C. §1983 ("Section 1983"), they may certainly be relevant to a determination of damages if Rodriguez prevails under Section 1983--for example, they might be found by a jury to evidence wilful and wanton conduct, perhaps generating a punitive damages award. Motion 1 is therefore denied.

Motion 2 seeks to preclude evidence as to an asserted police "code of silence" or "blue wall" by which police officers assertedly attempt to insulate other officers from liability for their misconduct. Rodriguez's counsel responds that some inquiry along those lines may be permissible, for example, to show bias or a lack of credibility. Those competing positions can best be resolved in dealing with specific proposed questions in the matrix of trial, although this Court will certainly not countenance any attempted end run around the strictures imposed

by Fed. R. Evid. 404(b). Motion 2 is therefore tentatively denied, subject to possible reexamination at the time of trial.

Motion 3 advances a proposed blanket bar on testimony, argument or comments about other events that implicate allegations of police misconduct in the media or any other forum. What was said as to Motion 2 applies here with equal force--and see this Court's opinion in Regalado v. City of Chicago, No. 96 C 3634, 1998 WL 919712, at *2 (N.D. Ill. Dec. 30).

Motion 4 seeks to foreclose any reference to the appointment of present Police Superintendent Jody Weis or as to newly established or modified investigative procedures regarding asserted police misconduct. That motion should cut both ways, and as such it is granted, unless of course events at trial were to bring those matters properly into play.

Motion 6, which urges that any argument punishing City for "sending a message to City" with the verdict, is granted. That of course calls for careful structuring of the jury instructions to make it plain that City will not be responsible for any punitive damages awarded against defendant officers, as contrasted with its bearing the cost of compensatory damages.

Motion 7 seeks to bar evidence from the OPS investigation in the case, except for impeachment purposes. Rodriguez agrees, subject (1) to appropriate limitations that are necessary because OPS investigator Maira Webb is expected to be a witness and

4

(2) to the admission of Rodriguez's testimony that he promptly filed an OPS complaint (lest it be argued that his claim was a belated fabrication).

Motion 8 asks to keep out of the case any testimony about alleged misconduct by nondefendant police officers at the scene of the arrest. That makes no sense, because Rodriguez is entitled to present the entire situation--not a bowdlerized version--to the jury to enable it to evaluate the conduct of the defendant officers.[2] Motion 8 is denied.

Motion 11 seeks to bar any argument or testimony about defendants' disclaimers, contained in their statements to the Police Department, that those statements were "not being given voluntarily, but under duress." Defendants' stated reason is that they were following the instructions of Lodge No. 7 of the Fraternal Order of Police, the bargaining unit in which they are members. But just because that organization has generated a directive that defendants have followed does not sanitize the disclaimer. Indeed, even an invocation of the Fifth Amendment's right against self-incrimination may be admissible to create an adverse inference in a civil case (Baxter v. Palmigiano, 425 U.S.

---

[2] Indeed, if defendants were to seek to question Rodriguez's failure to sue other officers to whom he has ascribed even more direct misconduct (hitting him on the top of his head with a flashlight and throwing him to the ground), they would lay themselves open to the potential admission of the type of "code of silence" evidence that this opinion has ruled out--see, e.g., Rodriguez's Response 10.

308 (1976), though not of course in a criminal case. Motion 11 is denied.

Motion 12 seeks to keep out of the trial any argument about the failure to call possible witnesses. This Court always gives civil juries Seventh Circuit Pattern Instruction 1.18, and it expects to do so here. That however does not preclude argument on the subject by Rodriguez's counsel based on the total disparity between the parties in terms of their sources (or lack of sources) of access to the identity of other possible police officer witnesses. Motion 12 is granted, subject to that limitation.

## Conclusion

In summary:

1. All of plaintiff's motions in limine other than 3, 9 and 11 are granted without objection. Motions 3, 9 and 11, although objected to, are granted as well.

2. Defendants' motions in limine 5 and 10 are granted without objection, and a substantial number of the other objections are granted over objections or partial objections by Rodriguez: Motions 4, 6, 7 (as limited), 9, 12 (as limited) and 13 (subject to a possible revisitation at trial). Motions 1, 8 and 11 are denied, and Motions 2 and 3 are tentatively denied.

Where a motion is listed as tentatively denied, that ruling is

subject to possible reexamination in the environment of the actual trial. In that respect this opinion has sought to provide counsel with appropriate guidelines.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: October 20, 2009